IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION | CIVIL ACTION NO. 2:22-cv-630 |
| Plaintiff, | |
| v. | |
| PACS1 SYNDROME RESEARCH FOUNDATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

1. Plaintiff, University of Pittsburgh of the Commonwealth System of Higher Education ("University" or "Plaintiff") is a non-profit institution of higher learning with a place of business located at 2104 Cathedral of Learning, University of Pittsburgh, Allegheny County, Pittsburgh, Pennsylvania 15260.

2. Defendant, PACS1 Syndrome Research Foundation ("PACS1 Foundation") is believed to be a non-profit corporation organized and existing under the laws of the State of Connecticut where it is registered as a public charity with a principal place of business located at 36 West Way, Old Greenwich, Connecticut.

3. This Court has federal diversity jurisdiction over this matter, as this controversy arises between citizens of different states and involves an amount in controversy in excess of the jurisdictional threshold set forth at 28 U.S.C. § 1332.

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within this judicial district pursuant to 28 U.S. Code § 1391 (b) (2).

5. PACS1 Syndrome is a condition caused by a genetic mutation in which all affected individuals have intellectual disability, speech and language problems and a distinct facial appearance.

6. PACS1 Syndrome Research Foundation was founded in August 2017 and has funded research grants to the University of Pittsburgh, Duke University, Univ. Calif., San Diego and Northwestern University which is focused on finding therapeutic approaches to remove a toxic protein produced by the mutated PACS1 gene. (https://www.pacs1foundation.org/about)

7. On or about November 15, 2017 The University and PACS1 Foundation entered into a Research Grant Agreement ("Research Agreement") which provided for the investigation of "both the structure and biophysical properties of the wild type and R203W PACS-1 FBRs and identify the sites in the PACS-1FBR required for contacting client proteins and how the R203W mutation may alter these interactions." (A copy of the Research Grant Agreement is attached hereto as Exhibit "A" which includes Appendix A, quoted in part herein)

8. The Research Agreement identifies Gary Thomas, Ph.D. as the principal investigator on behalf of the University.

9. Dr. Gary Thomas is a professor in the University's School of Medicine. Department of Microbiology and Molecular Genetics and a member of the PACS1 Foundation scientific team as identified on the PACS1 Foundation website. (https://www.pacs1foundation.org/scientific-team)

10. The Research Agreement was amended on December 5, 2018 and July 15, 2020 which increased the budget for the PACS1 research. (Copies of the Amendments are attached as Exhibit "B" and "C," respectfully)

11. The Research Agreement, as amended, required Dr. Gary Thomas to conduct certain research and, at the conclusion of the research, produce a report to the PACS1 Foundation outlining his findings.

12. The Final Progress Report dated November 10, 2021 was provided to counsel for the PACS1 Foundation by letter dated November 30, 2021. (A copy of the Final Progress Report is attached hereto as Exhibit "D")

13. The production of the Final Progress Report was delayed principally because of the effects of the Covid-19 pandemic on the work of the Plaintiff, generally and Dr. Thomas' research team, specifically.

14. During the course of the research, the University submitted invoices to the PACS1 Foundation pursuant to the terms of the Research Agreement for Dr. Thomas's research totaling $414,689.65.

15. The PACS1 Foundation paid the University a total of $330,709.83.

## Count I
### Breach of Contract

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 as though the same were set forth at length herein.

17. While the work pursuant to the Research Agreement was being conducted, the Defendant requested Plaintiff perform additional research consisting of development of specialized mouse colonies, genotyping and transgenic work as outlined in various emails such as

the 2/13/2020 email from Taruna Reddy, President of PACS1 Research Foundation to Gary Thomas, Ph.D. (Copy of the 2/13/2020 email, 2/26/2020 email and 3/11/2020 email, collectively attached as Exhibit "E")

18. Taruna Reddy was authorized by the Defendant to request the Plaintiff perform the additional research as set forth herein.

19. The Plaintiff's research facility lead by Dr. Thomas performed the additional research requested by Defendant for the development of specialized mouse colonies, genotyping and transgenic work (hereinafter "Additional Research").

20. The Plaintiff submitted invoices for the itemized costs associated with the Additional Research to the Defendant on a regular basis.

21. There remains an unpaid balance due and owing to the University by the PACS1 Foundation in the amount of $84,315.53 for the Additional Research performed by the Plaintiff at the request of the Defendant.

22. The PACS1 Foundation has failed and refused to pay the outstanding balance of $84,315.53 in spite of numerous demands for payment.

23. All of the research on the PACS1 gene mutation performed by Dr. Thomas and his team at the University as reflected in the amount due was performed at the specific request of the PACS1 Foundation.

24. The PACS1 Foundation has breached its agreement to fund the University's Additional Research on the PACS1 gene mutation and pay the outstanding balance of $84,315.53.

25. The Defendant is equitably estopped from denying the obligation to pay the outstanding amount in light of the statements made by Ms. Reddy in the 2/13/2020 email, the

reliance upon the Plaintiff on those statements and the lack of duty on the Plaintiff to further inquire about the statements.

WHEREFORE, Plaintiff, University of Pittsburgh of the Commonwealth System of Higher Education demands judgment to be entered in its favor and against the Defendant, PACS1 Syndrome Research Foundation in the amount of $84,315.53 plus legal interest and costs of suit.

## Count II
### Quantum Meruit

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 as though the same were set forth at length herein and is pled in the alternative.

27. In the event that this Court finds there was no contract for the Additional Research between Defendant and Plaintiff as alleged above, then Plaintiff should recover from Defendant a reasonable fee on the basis of quantum meruit, for Plaintiff's effort, skill and representation on behalf of Defendant.

28. Plaintiff fully performed all services connected with the Additional Research of Defendant with the expectation of receiving a fee for Plaintiff's work on defendant's behalf.

29. The Additional Research performed by Plaintiff benefited Defendant in that Defendant obtained research related to an understanding of the cause of PACS1 syndrome and the cause of mutations to the PACS1 gene.

30. Defendant would be unjustly enriched if it is allowed to retain the benefits resulting from the services performed by Plaintiff without having to pay for those benefits.

31. Plaintiff is entitled to the reasonable value of the services rendered to Defendant in the form of the Additional Research.

32. A reasonable value of plaintiff's services is $84,315.53, taking into account the difficulty of the issues involved, the skill and experience of Plaintiff, the loss of opportunity for other employment during the time when Plaintiff performed the Additional Research, the value of interests involved and the results obtained, and the customary charges for similar services in Allegheny County, Pennsylvania.

33. The PACS1 Foundation has failed and refused to pay the amount of $84,315.53 in spite of numerous demands for payment.

34. The Defendant is equitably estopped from denying the obligation to pay the outstanding amount in light of the statements made by Ms. Reddy in the various emails attached as Exhibit E, the reliance upon the Plaintiff on those statements and the lack of duty on the Plaintiff to further inquire about the statements.

WHEREFORE, Plaintiff, University of Pittsburgh of the Commonwealth System of Higher Education demands judgment to be entered in its favor and against the Defendant, PACS1 Syndrome Research Foundation in the amount of $84,315.53 plus legal interest and costs of suit.

## Count III
## Unjust Enrichment

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 as though the same were set forth at length herein and is pled in the alternative.

36. Plaintiff fully performed all services connected with the Additional Research of Defendant with the expectation of receiving a fee for Plaintiff's work on defendant's behalf.

37. The Additional Research performed by Plaintiff benefited Defendant in that Defendant obtained research related to an understanding of the cause of PACS1 syndrome and the cause of mutations to the PACS1 gene.

38. Defendant would be unjustly enriched if it is allowed to retain the benefits resulting from the services performed by Plaintiff without having to pay for those benefits.

39. Plaintiff is entitled to the reasonable value of the services rendered to Defendant in the form of the Additional Research.

40. A reasonable value of plaintiff's services is $84,315.53, taking into account the difficulty of the issues involved, the skill and experience of Plaintiff, the loss of opportunity for other employment during the time when Plaintiff performed the Additional Research, the value of interests involved and the results obtained, and the customary charges for similar services in Allegheny County, Pennsylvania.

41. The PACS1 Foundation has failed and refused to pay the amount of $84,315.53 in spite of numerous demands for payment.

42. The Defendant is equitably estopped from denying the obligation to pay the outstanding amount in light of the statements made by Ms. Reddy in the 2/13/2020 email, the reliance upon the Plaintiff on those statements and the lack of duty on the Plaintiff to further inquire about the statements.

WHEREFORE, Plaintiff, University of Pittsburgh of the Commonwealth System of Higher Education demands judgment to be entered in its favor and against the Defendant, PACS1 Syndrome Research Foundation in the amount of $84,315.53 plus legal interest and costs of suit.

Swartz Campbell LLC

By_____
Thomas V. Gebler, Jr., Esquire
PA I.D. #38576
436 7th Ave., Floors 7 & 8
Koppers Building
Pittsburgh, PA   15219
(412) 227-5724
tgebler@swartzcampbell.com

Shannon Huygens (Paliotta), Esquire
PA ID No. 91000
Associate Legal Counsel
University of Pittsburgh
Office of University Counsel
2400 Cathedral of Learning
4200 Fifth Avenue
Pittsburgh, PA 15260
ShannonHuygens@pitt.edu

*Attorneys for Plaintiff, University of Pittsburgh of the Commonwealth System of Higher Education*