IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, | CIVIL ACTION<br><br>Case No. 2:22-cv-00630 |
| Plaintiff, | U.S. District Judge Nora Barry Fischer |
| v. | |
| PACS1 SYNDROME RESEARCH FOUNDATION, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Pacs1 Syndrome Research Foundation ("Defendant" or the "Foundation"), by and through its undersigned counsel, submits the following Memorandum in Support of its Motion to Dismiss for Failure to State a Claim, of which the following is a statement:

**INTRODUCTION**

This is a contracts case between Plaintiff University of Pittsburgh of the Commonwealth System of Higher Education ("Plaintiff" or the "Institution") and Defendant Pacs1 Syndrome Research Foundation, a non-for-profit 501(c)(3) foundation that seeks to advance the interests of humanity by encouraging and supporting medical research particularly focused on finding a cure for PACS1 Syndrome. PACS1 Syndrome is a debilitating, neuro-genetic disease, which severely and negatively impacts the lives of all individuals inflicted with the disease. This dispute relates to research performed by Plaintiff allegedly pursuant to a contract with the Foundation that Plaintiff partially identifies in its Complaint (ECF No. 4).[1]

---

[1] Plaintiff attached an undated and partially executed draft of the "PACS1 SYNDROME RESEARCH FOUNDATION RESEARCH GRANT AGREEMENT," an "AMENDMENT TO RESEARCH AGREEMENT" executed December 5, 2018, and a mispaginated "AMENDMENT TO RESEARCH AGREEMENT" executed July

Broadly, the Complaint alleges that Plaintiff entered into an initial "Research Agreement" to perform scientific research activities specifically enumerated in the Research Agreement and subsequent amendments to the Research Agreement in exchange for funding specifically allocated in those same documents. Plaintiff further claims that at some point during its performance of the specified research activities, the Foundation entered into a side agreement with Plaintiff to perform "Additional Research", and that the Foundation breached this side agreement by failing to fund the Additional Research.

Plaintiff admits to entering into the Research Agreement and subsequent amendments, but fails to appreciate that the Research Agreement and its three amendments constitute a contract that was unambiguously and fully integrated (the "Contract"). That the Contract is fully integrated is supported by an integration/merger clause, a clause that is further strengthened by multiple other clauses in the Research Agreement and explicitly re-invoked in each of the three subsequent amendments.

The Research Agreement expressly defined the amount of funding to be provided in exchange for the specific research to be conducted. The Research Agreement was followed by three amendments, each of which was entered into according to the procedures set out in the Research agreement, and each of which also expressly defined the amount of funding to be

---

15, 2020 as Complaint Exhibits A, B, & C, respectively. Plaintiff failed to include an "AMENDMENT TO RESEARCH AGREEMENT" executed October 1, 2019 as an exhibit to its Complaint. "[I]n  evaluating a motion to dismiss, courts are not limited to the complaint, but may also consider evidence integral to or explicitly relied upon therein." *B.P. by & through L.P. v. N. Allegheny Sch. Dist.*, No. 2:21-CV-1112, 2022 WL 114075, at *3 (W.D. Pa. Jan. 12, 2022). Because the nature of the contractual relationship between Plaintiff and the Foundation is the central issue raised by Plaintiff's allegations, the final, executed, and complete written contractual documents constitute evidence integral to Plaintiff's Complaint. For ease of reference the "PACS1 SYNDROME RESEARCH FOUNDATION RESEARCH GRANT AGREEMENT" executed November 15, 2017 ("Research Agreement"), the "AMENDMENT TO RESEARCH AGREEMENT" executed December 5, 2018 ("First Amendment"), the "AMENDMENT TO RESEARCH AGREEMENT" executed October 1, 2019 ("Second Amendment"), and the "AMENDMENT TO RESEARCH AGREEMENT" executed July 15, 2020 ("Third Amendment") are attached hereto as "**Exhibits 1–4**", respectively.

provided in exchange for the specific research to be conducted.  This course of conduct in adherence to the terms of the Contract further indicates that the Contract was a complete and unambiguous expression of the parties' intent, *a fully integrated contract*.

Plaintiff alleges that three email chains from February and March 2020 between the "Foundation Project Manager,' Taruna Reddy, and Defendant's "Principal Investigator," Gary Thomas, evince an agreement imposing duties and obligations beyond those imposed by the Contract.  However, where a party fails to allege fraud, accident, or mistake, the parol evidence rule prohibits introduction of evidence extrinsic to an unambiguous and fully integrated contract.  Plaintiff does not allege fraud, accident or mistake, and under Pennsylvania law, the inclusion of an integration/merger clause in a contract strengthens the parol evidence rule's prohibitive effect.

Plaintiff's allegations of fact extrinsic to the Contract may not be considered when interpreting the provisions of the Contract.  Plaintiff makes no allegations of fact supporting a claim of breach of the Contract.  Therefore, Plaintiff's plea of breach of contract is not only insufficient to state a claim to relief that is plausible on its face, *it is non-existent*.

In the alternative, Plaintiff seeks to recover in equity through *quantum meruit* and unjust enrichment theories (Counts II and III of the Complaint, respectively).  Plaintiff fails to sufficiently plead these quasi-contract claims.  First, as recently affirmed by the U.S. Court of Appeals for the third Circuit, Pennsylvania law does not permit recovery under a quasi-contract theory when the relationship between the parties is founded upon a written agreement.  Because Plaintiff's relationship with the Foundation is based upon the Contract, a written agreement comprised of the Research Agreement and its three subsequent amendments, Plaintiff's claim is facially insufficient.

Second, an essential element of claims for both unjust enrichment and *quantum meruit* is the acceptance and retention of benefits under circumstances in which a failure to compensate the party that bestowed the benefit would be unjust or inequitable. Pennsylvania has refused to recognize this element where the benefit one party bestows upon the other also protects and furthers the interest of the first party.

For these reasons and others examined below, Plaintiff has failed in its attempt to allege facts against the Foundation to show any facially plausible claim to relief.

## **LEGAL STANDARD FOR MOTION TO DISMISS**

"To survive a motion to dismiss [under FED. R. CIV. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Additionally, a court must 'tak[e] note of the elements a plaintiff must plead to state a claim,' identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth,' and, 'where there are well-pleaded factual allegations, [] assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal quotations omitted). A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir.2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## ARGUMENT

### I.   Plaintiff Has Failed to Plead Facts to Proceed on a Breach of Contract Claim.

"To successfully maintain a cause of action for breach of contract the plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Hart v. Arnold*, 884 A.2d 316, 332 (Pa. 2005) (citing *Gorski v. Smith*, 812 A.2d 683 (Pa. Super. Ct. 2002), *appeal denied*, 856 A.2d 834 (2004)).

> The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties. The intent of the parties to a written agreement is to be regarded as being embodied in the writing itself. The whole instrument must be taken together in arriving at contractual intent. Courts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed. When a writing is clear and unequivocal, its meaning must be determined by its contents alone.

*Murphy v. Duquesne University of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001) (internal quotations omitted). "Only where a contract's language is ambiguous may extrinsic or parol evidence be considered to determine the intent of the parties." *Id.* (citing *Hutchison v. Sunbeam Coal Co.*, 519 A.2d 385, 390 (Pa. 1986)). Plaintiff does not allege any ambiguity in the Contract's language. (Complaint *passim*).

The parol evidence rule "is a substantive rule of contract law 'which in the absence of fraud, accident or mistake, prohibits resort to extrinsic evidence to vary the meaning of a contract when the language of the contract is unambiguous.'" *E. C. Ernst, Inc. v. Koppers Co.*, 520 F. Supp. 830, 839–40 (W.D. Pa. 1981) (quoting *Whitmer v. C.I.R.*, 443 F.2d 170, 173 (3d Cir. 1971)). "Moreover, in Pennsylvania the parol evidence rule applies with particular force when,

*as in this case*, the contract being construed is an integrated document." *E. C. Ernst, Inc.*, 520 F. Supp. at 840 (emphasis added).

The U.S. District Court for the Eastern District of Pennsylvania provides a concise summary of the state law regarding integration: "Where it appears that a contract is 'complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties.'" *In re Green Goblin, Inc.*, 470 B.R. 739, 751 (Bankr. E.D. Pa. 2012), *aff'd*, No. 12-CV-4076, 2014 WL 5800601 (E.D. Pa. Nov. 6, 2014). The Court continues: "In determining whether the contract is fully or partially integrated, courts have considered several factors including, whether the contract contains a merger or integration clause, the length and detail of the contract, the formality of the setting, and whether the contract is a form." *Id.* (internal reference omitted). Under Pennsylvania law, "[t]he effect of an integration clause is to make the parol evidence rule particularly applicable." *Hart*, 884 A.2d at 341 (quoting *1726 Cherry Street Partnership by 1726 Cherry Street Corp. v. Bell Atlantic Properties, Inc.*, 653 A.2d 663, 665 (Pa. Super. Ct. 1995), *appeal denied*, 664 A.2d 976 (Pa. 1995)).

The Contract, to which Plaintiff admits being a party (Complaint ¶¶ 7–10), was fully integrated, as evinced by its merger/integration clause:

> This Agreement, together with all exhibits, constitutes the entire Agreement between the Parties with respect to the subject matter hereof and supersedes any prior or contemporaneous understanding or written or oral agreements with respect thereto, whether express or implied.

(Exh.1 cl. 12(c)). This merger/integration clause was unambiguously stated in the Research Agreement and explicitly affirmed in each subsequent amendment. (*See* Exh. 2 cl. 2; Exh. 3 cl. 2; Exh. 4 cl. 2). The fact that it was fully integrated is further established by a number of

additional clauses in the Research Agreement (Exh. 1), that suggest the parties carefully contracted to ensure their entire intent was reflected in the document:

- Clause 12(d), "Amendment; Waivers," states that the Research Agreement may only be amended by a written instrument executed by an authorized signatory of the parties, and also states that the same procedure is required for any term or condition to be waived. The clause goes on to detail several other contingencies that will not be deemed to affect the parties' enforceable rights as expressed in the Research Agreement.

- Clause 12(e), "Severability," dictates that should any provision be ruled illegal or deemed unenforceable, the parties intended for such a provision to be replaced by a legal/enforceable provision "as similar as possible in economic and business objectives" to the illegal/unenforceable provision.

- Clause 11(g), "Surviving Provisions," states that the merger/integration clause survives termination of the Research Agreement, as do the preceding clauses on this list.

- Several provisions address different situations in which another party may become involved in the contract in some manner. Each such provision seeks to ensure that additional parties be bound by similar conditions as the original two parties have bound themselves. (*See, e.g.* cls. 2(d), 6(c), & 8(f)).

As stated previously, where a party fails to allege fraud, accident, or mistake, the parol evidence rule prohibits introduction of evidence extrinsic to an unambiguous and fully integrated contract, and Plaintiffs fail to make any allegations of fraud, accident, or mistake. (Complaint *passim*). Because the Contract is fully integrated *and* contains a merger/integration clause *and* because the unambiguous, detailed, formal wording of the Contract suggests that it is a carefully considered embodiment of the parties' entire intent, the Contract enjoys strong protection afforded by the parol evidence rule's prohibition against the use of extrinsic evidence in its interpretation. Plaintiff does not allege any facts showing a plausible claim for breach of the Contract. Thus, Plaintiff's pleading is insufficient to allow it to proceed on its breach of contract claim.

> II. **Plaintiff Has Failed to Plead Sufficient Facts to Proceed on Either a *Quantum Meruit* or Unjust Enrichment Quasi-Contract Claim.**

First, "the Pennsylvania Supreme Court has left no doubt that 'unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings.'" *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 228 (3d Cir. 2022) (quoting *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006)) (additional internal quotations omitted).  Plaintiff admits to being a party to the Contract, which is indisputably both a written agreement and an express contract.  (Complaint ¶¶ 7–10).  Not only are Plaintiff's pleadings insufficient to show a plausible claim to recovery in quasi contract, but also Plaintiff explicitly admits to being a party to an agreement which renders quasi-contract remedies inapplicable.

Second, assuming *arguendo* that Pennsylvania law recognized the coexistence of claims for breach of written agreements and recovery in quasi-contract, a "claim for damages in quantum meruit is fundamentally an equitable claim of unjust enrichment in which the party seeking recovery must demonstrate: ' … acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 179 A.3d 1093, 1102 (Pa. 2018) (quoting *Shafer Elec. & Const. v. Mantia*, 96 A.3d 989, 993 (Pa. 2014)).  "The Pennsylvania Supreme Court has rejected a claim of unjust enrichment when a benefit that a party confers upon another also protects its own interest." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 229 (3d Cir. 2022) (citing *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 546 (Pa. 2010)).

Plaintiff admits to entering into the Contract (Complaint ¶¶ 7–10), a portion of which states, "We are very excited to study the molecular and cellular properties of the PACS-1

R203W mutation. … Together, these experiments will serve as the starting point for" additional research, outside the scope of the Contract. (Exh. 1 app. A). Furthermore, the Contract grants Plaintiff the right to publish findings generated by the research funded by the Foundation (Exh. 1 cl. 7), a right that would protect and further the interests of any "non-profit institution of higher learning," a class of organizations to which Plaintiff admits its own membership. (Complaint ¶ 1). The Contract also grants Plaintiff title to "Funded IP," any intellectual property created pursuant to the research funded by the Foundation. (Exh. 1 cl. 8). Because of its own interests in the alleged Additional Research, Plaintiff fails to sufficiently plead for recovery in quasi-contract.

## CONCLUSION

Based upon the foregoing, Defendant Pacs1 Syndrome Research Foundation requests that this Honorable Court dismiss the Complaint allegations against it with prejudice.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
    Pa. Id. No. 87306
    T: 412-325-1116
    E: jneiser@spilmanlaw.com

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA 15219
    F: 412-325-3324

    Todd M. Reinecker (*Pro Hac Vice* forthcoming)
    PILIEROMAZZA PLLC
    1910 Towne Centre Blvd., Suite 250
    Annapolis, MD 21401
    Ph: (410) 500-5551
    Fax: (202) 857-0200
    treinecker@pilieromazza.com

**Counsel for Defendant Pacs1 Syndrome Research Foundation**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, | CIVIL ACTION |
| | Case No. 2:22-cv-00630 |
| Plaintiff, | U.S. District Judge Nora Barry Fischer |
| v. | |
| PACS1 SYNDROME RESEARCH FOUNDATION, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2022, a true and correct copy of the foregoing **Memorandum in Support of Motion to Dismiss for Failure to State a Claim** was e-filed and served upon counsel of record via the Court's CM/ECF system.

| Via email to tgebler@swartzcampbell.com | Via email to ShannonHuygens@pitt.edu |
|---|---|
| Thomas V. Gebler, Jr., Esquire<br>Swartz Campbell LLC<br>436 7th Ave., Floors 7 & 8<br>Koppers Building<br>Pittsburgh, PA  15219 | Shannon Huygens (Paliotta), Esquire<br>University of Pittsburgh<br>Office of University Counsel<br>2400 Cathedral of Learning<br>4200 Fifth Avenue<br>Pittsburgh, PA 15260 |
| **Counsel for Plaintiff University of Pittsburgh of the Commonwealth System of Higher Education** | **Counsel for Plaintiff University of Pittsburgh of the Commonwealth System of Higher Education**<br><br>SPILMAN THOMAS & BATTLE, PLLC<br><br>By: /s/Julian E. Neiser<br>      Julian E. Neiser |