IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>PACS1 SYNDROME RESEARCH FOUNDATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 22-630<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 22nd day of August, 2022, upon consideration of Defendant PACS1 Syndrome Research Foundation's Motion to Dismiss, (Docket No. [12]); its Brief in Support, (Docket No. [13]); Plaintiff University of Pittsburgh's Brief in Opposition, (Docket No. [14]); and after evaluating the allegations in Plaintiff's Complaint in light of the prevailing standards governing Rule 12(b)(6) motions to dismiss, *see e.g.*, *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2009)),  pursuant to which the Court must accept all of the well-pled factual allegations as true, resolve all inferences in favor of the Plaintiffs, and require them to merely state plausible claims for relief,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [12] is DENIED as Plaintiff has sufficiently pled plausible claims for relief under the prevailing standards.

IT IS FURTHER ORDERED that Defendants shall file their Answer by **September 6, 2022**.

In so holding, the Court observes that Defendant's reliance on the parol evidence rule is

mis-placed at this stage of the proceeding. To that end, Plaintiff's lawsuit stems from an alleged side agreement between the parties, not the Research Agreement dated November 15, 2017. (Docket No. 13-1 at 2). As such, the parol evidence rule does not apply at this stage of the proceeding because the Court is not interpreting or applying the Research Agreement. (Docket No. 10 at ¶¶ 7, 18-24); *see SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 212-13 (3d Cir. 2022) ("*Once a writing is determined to be the parties' entire contract*, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible *to explain or vary the terms of the contract.*" (first emphasis added) (citation omitted)). Additionally, the scope of the Research Agreement's integration clause is limited to "the subject matter hereof," but Plaintiff is claiming that it had a side agreement regarding different "subject matter" from the Research Agreement. (Docket Nos. 10 at ¶¶ 19-21; 13-1 at 10). Inferring that the work resulting from the side agreement falls within the scope of the integration clause is not warranted at the pleadings stage. *See Bistrian v. Levi*, 696 F.3d 352, 370 (3d Cir. 2012) (providing a plaintiff "all reasonable inferences from his allegations and construing them in the light most favorable" to him at the motion-to-dismiss stage). Given, that the Court has determined that Plaintiff states a breach of contract claim, it does not need to reach Defendant's alternative arguments regarding quantum meruit and unjust enrichment.

        *s/Nora Barry Fischer*
        Nora Barry Fischer
        Senior U.S. District Judge

cc/ecf: counsel of record